UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10990-RGS

THE SAINT CONSULTING GROUP, INC.

v.

CRYSTAL LITZ

MEMORANDUM AND ORDER ON
MOTION FOR TEMPORARY RESTRAINING ORDER
and CROSS-MOTION TO DISMISS

July 19, 2010

STEARNS, D.J.

The Saint Consulting Group, Inc. (Saint) seeks a temporary restraining order (TRO) against Crystal Litz, a terminated employee. Specifically, Saint seeks to enjoin Litz for "continuing to violate the terms of her Employee Restrictive Covenant Agreement" (Agreement). Saint contends that Litz has divulged confidential information about clients to third parties, including the Wall Street Journal (WSJ), which published an unflattering article regarding Saint's founder and the company's business methods. See Ann Zimmerman, Rival Chains Secretly Fund Opposition to Wal-Mart, WALL ST. J., June 7, 2010. Saint argues that it has met the requirements for injunctive relief (likelihood of success on the merits, irreparable injury, balance of harms, and vindicating the public interest), see Campbell Soup Co. v. Giles, 47 F.3d 467, 470 (1st Cir. 1995), although things are not always as clear as they might appear to a partisan in the heat of battle.[1]

---

[1]Saint claims that the following alleged acts evidence bad faith on the part of Litz.

First she threatened to speak with the Wall Street Journal if her outrageous settlement demands were not met and, when they were not met, the Wall

Litz, in her opposition to the TRO, contends that she has never spoken to anyone at the WSJ, nor has she done anything to violate the Agreement (which she acknowledges is binding).  Liz Aff. ¶¶ 14, 17-18, 29-38, 45.  Litz also moves to dismiss Saint's Complaint pursuant to Mass. Gen. Laws ch. 231, §59H (the Anti-SLAPP Statute), asserting that this lawsuit was brought after she filed the MCAD complaint "in an effort to SLAPP her and keep her from pursuing her valid claims."  Def. Mem. at 2.  Finally, Litz  challenges Saint to depose the WSJ reporter to force her to reveal her source(s) in presumed vindication of Litz, although this has the ring of a hopeless venture.[2]

Both Saint's and Litz's motions will be <u>DENIED</u>.  Saint cannot at this incipient stage of the litigation show the likelihood of irreparable harm (given that the proverbial cat is out of the bag).  Moreover, Litz denies under oath that she is the source of the article.  Given the specter of a perjury prosecution (not to mention the wreck that would be made of her

---

Street Journal attributed its story to an unidentified employee who (not coincidentally) had access to the information that only Ms. Litz had access to. Moreover, she emailed herself confidential information prior to her termination from employment and then, prior to returning her laptop computer, took active steps to conceal and erase what she had access to. A developer told [Saint] that he had information concerning specific projects that only Ms. Litz could have given him. Ms. Litz also spoke with a [Saint] employee about leaving [Saint].

Mem. In Supp. at 5.  (The reference to settlement demands stems from an incendiary complaint filed by Litz with the Massachusetts Commission Against Discrimination (MCAD), alleging gender and sexual orientation discrimination on the part of her former employer).  Saint also contends that Litz told a Saint employee, Cara Wilson, that "she should start looking for another job because [Litz] was going to destroy the company." Complaint ¶ 19.

[2]<u>See</u> *The Mary Tyler Moore Show: Will Mary Richards Go to Jail?* (CBS television broadcast Sept. 14, 1974).

employment discrimination suit), the affidavit gives one pause about the likelihood of Saint's ultimate ability to succeed on the merits.

Litz's motion to dismiss also fails.  Judge Woodlock of this court (with Judges Lasker and Saris of this court concurring) has held (persuasively) that the Anti-SLAPP Statute is procedural in nature and therefore does not apply in a federal court proceeding. See S. Middlesex Opportunity Council, Inc. v. Town of Framingham, 2008 WL 4595369, at *8-9 (D. Mass. Sept. 30, 2008) ("There is no support for applying the [A]nti-SLAPP [S]tatute to federal claims.  Federal law governs both the substance and procedure in the litigation of federal claims. . . . This view of the anti-SLAPP statute comports with the Supreme Judicial Court's description of Mass. Gen. Laws ch. 231, § 59H as 'a procedural remedy for early dismissal of the disfavored SLAPP suits.'").  Even if the court were to find that the Anti-SLAPP Statute did apply, Litz would not meet the threshold showing the statute requires – "that the claims against [her] are 'based on' [her MCAD claim] and have no substantial basis other than or in addition to the petitioning activities."  Id. at 10.  Saint has a number of reasons to sue Litz.  The sting of the discrimination claim may have been an important factor, but not to the exclusion of all others.

ORDER

For the foregoing reasons, Saint's motion for temporary restraining order is DENIED.  Litz's motion to dismiss is also DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____

3

UNITED STATES DISTRICT JUDGE